RECEIVED
MAY 11 2017
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH OLLIE,
          Plaintiff,

Vs.

DR. JOHN LUBAHN, M.D.
Orthopaedic Surgeon of Carpal
Tunnel Syndrome At Hamot Medical
Hospital, Physician's Assistant
JOHN DOE, Anesthesiologist At
Hamot Medical Hospital, and HAMOT
MEDICAL HOSPITAL, DEFENDANT. Of
Erie, Pennsylvania. et al.,

DR. PATRICK SMITH, M.D. Orthopaedic
Surgeon of Cervical Spinal Stenosis
At UPMC St. Margret Hospital,
Physician's Assistant JOHN DOE,
Anesthesiologist At UPMC Medical
Hospital. and UPMC Medical Hospital,
DEFENDANT. Of Pittsburgh, Pennsylvania.
et al.,  All Defendants are sued in
their individual and official capacities.
          Defendants.

Case No. 17-120 E

Hon.

JURY TRIAL DEMANDED

## NEGLIGENCE/MEDICAL MALPRACTICE
### CONSPIRACY/RETALIATION
#### ASSAULT/BATTERY

This is a civil rights action filed by Joseph Ollie, who is incarcerated in a federal prison, for monetary damages, medical physical injuries, emotional injuries, humiliation and injunctive relief under U.S.C. §1983, alleges negligence, medical malpractice, conspiracy, retaliation.

1.

the plaintiff have not been arrested, charged or confined for the alleged statements made by the defendants and this is a violation of his Due Process Clause of the Fourteenth Amendment to the Constitution.

## JURISDICTION

1. this Court has Jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331(1); 1343; 28 U.S.C. § 1920, 28 U.S.C. § 1961, and 42 U.S.C. § 1988 et seq.

2. This Court has Supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. §1367

3. There is complete diversity between plaintiff and defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## PARTIES

4. Plaintiff, Joseph Ollie, is an 59 year old, adult African America male who reside in Erie, Pennsylvania. At all times relevant to this lawsuit, Plaintiff was acting in a lawful manner.

5. Defendant, Dr. John Lubahn, is an Orthopaedic Surgeon of Carpal Tunnel Syndrome at Hamot Medical Hospital. He is being sued in his individual and official capacities. At all times relevant to this action, as a doctor who was acting under the color of state law as a City Medical Doctor orthopaedic of Erie, Pennsylvania.

6. Defendant, JOHN DOE, Physician's Assistant Anesthesiologist at Hamot Medical Hospital. He is being sued in his individual and official capacities. At all times relevant to this action, the anesthesiologist was acting under the color of state law as a anesthesiologist of Hamot Medical Hospital of Erie, Pennsylvania

2.

7. Defendant, Hamot Medical Hospital of the City of Erie, Pennsylvania, JOHN DOE, is the Director of Hamot Medical Hospital of Erie, Pennsylvania. The director is being sued in his individual and official capacities At all times relevant to this action, the director was acting under the color of state law as the director of Hamot Medical Hospital.

8. Defendant, Patrick Smith, is an Orthopaedic Surgeon of Cervical Spinal Stenosis at UPMC St. Margaret Hospital. He is being sued in his individual and official capacities. At all times relevant to this action, as a dotor who was acting under the color of state law as a City Medical Doctor orthopaedic of Pittsburgh, Pennsylvania.

9. Defendant, JOHN DOE, Physician's Assistant Anesthesiologist at UPMC St. Margaret Hospital. He is being sued in his individual and official capacities. At all times relevant to this action, the anesthesiologist was acting under the color of state law as a anesthesiologist of UPMC St. Margaret Hospital of Pittsburgh, Pennsylvania.

10. Defendant, UPMC St. Margaret Hospital of the City of Pittsburgh, Pennsylvania, JOHN DOE, is the Director of UPMC St. Margaret Hospital of Pittsburgh, Pennsylvania. The director is being sued in his individual and official capacities At all times relevant to this action, the director was acting under the color of state law as the director of UPMC St. Margaret Hospital.

11. At all times relevant to this action, all the defendants have acted, and continue to act, under color of state law in this complaint.

## FACTS

12. Defendant John Lubahn, M.D. was employed by Defendant Hamot Medical Hospital as a orthopaedic surgeon, with a specialty in the field of carpal tunnel syndrome, and as a surgeon.

13. On November, 2009, plaintiff's family PCP referred him to consult with Defendant John Lubahn, M.D. as a hand physician and orthopaedic surgeon at 300 State Street, Erie, Pennsylvania.

14. On September, 2010, Defendant John Lubahn, M.D. with respect to the plaintiff's right hand condition. Defendant John Lubahn diagnosed the plaintiff's condition as a repatitive work injury of carpal tunnel syndrome.

15. On November 03, 2010, while undergoing the right hand surgery under the care of Defendant John Lubahn, M.D. and other employees of the Hamot Medical Hospital plaintiff suffered from the wrong surgical procedure, that was performed by the Defendant John Lubahn, M.D.

16. On November 03, 2010, Defendant John Lubahn, M.D. cut the underside of the bridge of bone in front of his penis and the lower underside of the penis and surgically removed the bone from his penis without his consent.

17. Defendant John Lubahn, M.D. caused plaintiff's penis to now have two holes in it and his penis is left impotent, now ejaculation, incapable of sexual intercourse.

18. Defendant John Lubahn, caused plaintiff to have blood in his urine, pain when he urinate, he urinates uncontrolable, wetting his body, and clothing constantly.

19. During this assault other medical employees helped Defendant John Lubahn, M.D. to perform the wrong surgery, plaintiff also have two cuts on his penis.

20. While performing the wrong surgical procedure or attempting to perform this surgical procedure, Defendant John Lubahn, M.D.'s professional negligence, lack of expertise, fault, and malpractice proximately caused the injuries and damages suffered by the plaintiff, as specified further below, in that Defendant John Lubahn, M.D. failed to exercise the care and precautions required in the circumstances to prevent the injuries to the plaintiff; lack the required knowledge and surgical skill; failed to consult

in order to acquire the knowledge necessary to avoid the injuries to the plaintiff's penis; failed to adequately inform the plaintiff of the attendant dangers involved in the wrong procedure performed on his penis; and in general acted with negligence, imprudence, and lack of expertise under the circumstances.

21. Defendant John Lubahn, M.D. was negligent, at fault, and guilty of malpractice in that he failed to ensure adequate precaution and adopt proper medical hospital care, surgical, and the right operating room procedures at the Hamot Medical Hospital, and this failure proximately caused the injuries and damages to the plaintiff.

22. As a result of the professional negligence, lack of expertise, fault, and malpractice of the Defendants, John Lubahn, M.D. was left with serious and permanent penis damage, severe damage to the removal of bone gristle a part of the nervous system, and a critical impairment of ejaculation, impotent, incapable of sexual intercourse; has been and continues to be in a totally impeded in the enjoyment of normal sexual intercourse and ejaculation pursuits and activities, and has suffered and will continue to suffer great pain, mental anguish, all of which have and will necessitate continued professional care and treatment.

23. As a direct and proximate result of the negligence of the Defendant, John Lubahn, M.D. Plaintiff Joseph Ollie, has lost bone gristle in his penis, he has lost a portion of the love, affection, services, society, and compainionship, including the loss of consortium of Plaintiff wife.

24. As a result of Defendant John Lubahn's negligent misrepresentations, he stated to the plaintiff while in his office, "Mr. Ollie, I have medical records and tests taken from you, that proves you raped a child."

25. Plaintiff told, John Lubahn, M.D. that "I am not the one who did that crime."

26. Plaintiff told, John Lubahn, M.D. that "One of my family members Llod Ollie, was the one who was charged and convicted for that crime."

27. Defendant John Lubahn, M.D. told plaintiff "OK"

28. Defendant John Lubahn, told, plaintiff "don't worry, I and Dr. Patrick Smith, are going to help you to get disability."

5.

29. Defendant, John Lubahn, M.D. Physician's assistant John Doe, M.D. who is the anesthesiologst came into the room and took plaintiff into a operating room, he was helped into bed and anesthesia was administered.

30. Defendant, John Lubahn, M.D. referred plaintiff to consult with Patrick Smith, M.D. as a cervical spinal stenosis physician and orthopaedic surgeon at UPMC St. Margaret Hospital in Pittsburgh, Pennsylvania.

31. Defendant Patrick Smith, M.D. told, plaintiff that he spook with Defendant John Lubahn, M.D. and that he told him, that "he had medical records and tests that proved you raped a child."

32. On November 11, 2010, Plaintiff consulted Defendant Patrick Smith, M.D. as a physician and orthopaedic at the UPMC St. Margaret Hospital with respect to telling him that "One of my family members Lloyd Ollie, was the one who was charged and convicted for that crime."

33. At that time, Defendant Patrick Smith, M.D. escorted plaintiff to an operating room and informed plaintiff to get into bed, John Doe, M.D. the Physician's assistant anesthesiologist administered anesthesia.

34. On November 11, 2010, while undergoing the cervical spinal surgery under the care of Defendant Patrick Smith, M.D. and other employees of the UPMC St. Margaret Hospital, Joseph Ollie, suffered cervical spinal surgery failure to improper join fusion hardware at L-4 - L-7, which reveals a unstabled graft that cause him pain, numbness and tingling in his neck.

35. As a result of the professional negligence, lack of expertise, and malpratice of the Defendant, Patrick Smith, M.D. to Joseph Ollie, he was left with serious and permanent cervical spinal damage, severe damage to L-4 - L-7, which reveals a unstabled graft that cause him pain, numbness and tingling in his neck and caused nerve problems with the nervous system, and a critical impaitment of motor function; has been and continues to be totally impeded in the enjoyment of normal pursuits and activities, and has suffered and will continue to suffer great mental anguish, all of which have and will necessitate continued professional care and treatment.

36. As a result of Defendant, Patrick Smith, M.D. he caused plaintiff to suffer myopoa, terrible headaches, pain in his abdomen, and intestines.

37. As a result of Defendant, Patrick Smith, M.D. he caused plaintiff to suffer from neuralgia and neuritis of the cervical spine and fibromanilga.

38. On November 11, 2010, while undergoing the cervical spinal surgery under the care of Defendant, Patrick Smith, M.D. and other employees of the UPMC St. Margaret Hospital, Defendant Patrick Smith, M.D. performed the wrong opearation when he negligently cut plaintiff's lower back and cause a 2 inch scar and damage to plaintiff lower back spine, Defendant Patrick Smith, M.D. caused damage to the plaintiff's left kidney causing chronic hyperglycemia.

39. As a result of Defendant, Patrick Smith, M.D.'s assault and battery, negligence and malpractice, plaintiff now suffer numbness and tingling in both shoulders, right leg, left leg, right foot and left foot.

40. As a result of Defendant, Patrick Smith, M.D.'s he caused plaintiff servere pain, lose of some vision and when the pain lessens it can take up to an hour before he can see again.

41. As a result of Defendant Patrick Smith, M.D. professional negligence, and malpractice, plaintiff was not aware for months or even years that he had been injuried by Defendant Patrick Smith, M.D. and Defendant John Lubahn, M.D. and other medical employees of their hospitals, when they performed hand and neck surgery on the plaintiff.

42. As a result of both Defendants Patrick Smith, M.D and John Lubahn, Plaintiff actually discoverd the medical injuries caused by Defendant Patrick Smith, M.D. and Defendant John Lubahn, M.D. while incarcerated at Federal Correctional Institution Elkton's Prison Medical Department during October 2016 through January 2017.

43. Plaintiff was seen by an outside Doctor_____, M.D. who specialized as neurosurgeon, based upon his professional opinion he diagnosed plaintiff's condition as neuralgia and neuritis, Doctor _____, ordered prisom medical staff to refer plaintiff to an outside hospital for further tests.

44. Doctor_____, prescribed or recommended treatment as Duloxitine for plaintiff's nerve problems.

7.

45. On Friday, March 19, 2017, the plaintiff was taken to an outside Urologist Medical Clinic, while at the urologist clinic the doctor used a cystoscope which contained a light source and a small camera, which allowed the doctor to insert through the plaintiff's urinary opening to view into the urethra and inside of the bladder.

46. The doctor showed the plaintiff the camera cream and stated to him that that is where the blood is coming from.

47. There was fluid pumped into the bladder to inflate it and allowed inspection of the entire bladder wall, the doctor showed plaintiff that there were a tear in the bladder and that he had a learg bladder but no gallstones,

48. Plaintiff asserts that Defendant Lubahn, M.D. further committed negligence and malpractice when he used a cystoscope that contained a small clipping device on the tip, that allowed the doctor to obtain a biopsy of plaintiff's bladder lining and his kidney in which to examined under a microscope to determine if plaintiff was the person who committed the rape of a child.

49. It was determined by the doctor that plaintiff did not have any signs of cancer cells.

## NEGLIGENCE/MEDICAL MALPRACTICE

50. At all relevant time, defendants John Lubahn, M.D. surgeon and Patrick Smith, M.D. surgeon were physicians duly licensed to practice in the State of Erie and Pittsburgh, Pennsylvania, and the relationship of physicians and patient existed between plaintiff and the defendants.

51. On November 03, 2010, plaintiff underwent medical surgical treatment by defendant John Lubahn, M.D., in which he performed a carpal tunnel syndrome surgery procedure.

52. At all relevant times, defendant John Lubahn, M.D., failed to exerise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances.

53. On November 03, 2010, defendant John Lubahn, M.D., performed surgery on plaintiff's right hand while he was under anestesia and during the surgical procedure defendant John Lubahn, M.D., performed surgery on the wrong part of plainitff's body, he cut the underside of the bridge of his penis and removed the bone grical in his penis and the lower underside of the penis and surgically removed the bone from his prnis without his consenr.

54. Defendant John Lubahn, M.D., coused plaintiff's penise to now have two holes in it and his penis is left impotent, no ejaculation, incapable of sexual intercourse, he failed to exercise reasonable care and skill commensurate with the standard of care parcticed in the medical profession at that time and under like and similar circumstances.

55. The plaintiff was caused solely, direct, and proximately injures by the joint and combined negligence of the defendants, and plaintiff is entitl to recover the full value of the injuries as shown by the evidence.

56. As a result of Defendant John Lubahn, M.D's., illegal surgery on the plaintiff's penis, he caused injuries to plaintiff's bladder lining, when he used a cystoscope that contained a small clipping device on the tip, that allowed the doctor to obtain a biopsy of plaintiff's bladder lining and his kindey tissues and cells to determine if plaintiff had raped a child.

57. Plaintiff repeats and realleges the allegations contained above, as if fully set forth here.

58. Defendant owed to plaintiff a duty of due care and not to perform the wrong medical surgery procedure without informed consent is a technical assault and battery.

57. Defendant John Lubahn, M.D., shared negligent misrepesentation and falsely stated to Patrick Smith, M.D. that plaintiff raped a child.

58. At the time defendant made statements and represented , these statements were both material and false. Defendant failed to execise due care in making these false statements and in failing to disclose accurate material facts to Patrick Smith and Plaintiff.

59. Plaintiff, at the time these misrepresentations and omissions were made, did not know the truth, but believed defendant's representations to be true, and reasonably and amount to be determined at the trial of this action.

60. On November 11, 2010, plaintiff underwent medical surgical treatment by defendant Patrick Smith, M.D., in which he performed cervical spinal stenosis surgery procedure.

61. At all relevant times, defendant Patrick Smith, M.D., failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances.

62. On November 11, 2010, defendant Patrick Smith, M.D., performed surgery on plainitff's cervical spine, he failed to properly join fusion hardware at L-4 - L-7, which reveals a unstabled graft that cause plaintiff pain, numbness and tingling in his neck.

63. As a result of the professional negligence, lack of expertise, and malpractice of the defendant, Patrick Smith, M.D., plaintiff was left with serious and permanent cervical spinal damage, severe damage to the L-4 - L-7, which reveals a unstabled fusion that cause him pain, and nerve problems with the nervous system.

64. As a resut of the professional negligence, plaintiff has a critical impaitment of motor function, has been and continues to be totally impeded in the enjoyment of normal pursuits and activities, and has suffered and will continue to suffer great mental anguish, all of which have and will necessitate continued professional care and treatment.

65. As a result of the negligence of the defendant Patrick Smith, M.D. he performed the wrong surgery on plaintiff when he cut plaintiff's lower back and caused a 2inch scar and damage to plaintiff lower back spine.

66. Defendant Patrick Smith, M.D., caused damage to plaintiff's kidney causing chronic hyperglycemia.

67. As a direct and proximate result of the negligence of the Defendant Patrick Smith, M.D., Plaintiff Joseph Ollie, suffer from neuralgia and neuritis of the cervical spine, lower back, both hips, nembness and tingling in both right and left leg, including right and left feet, left shoulder, buttock and fibromanilga due to cervical surgery.

68. As a direct and proxumate result of the negligence of the Defendant, Patrick Smith, M.D., Plaintiff suffer abdomen pain, intestine pain, high blood pressure, and cause plaintiff to become a diabetic due to cervical spinal injury surgery.

69. At all relevant times, Defendants were physicians duly licensed to practice as surgeons in the State of Pennsylvania, and the relationship of physician and patient existed.

70. At all relevant times, Defendant Patrick Smith, M.D., failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances.

71. No November 11, 2010, Defendant Patrick Smith, performed the wrong surgery on plaintiff's lower back, and caused nerve injury that will in the future be required to incur additional doctor, hospital, medicine, and other medical expenses for the treatment of neuralgia and neuritis and fibromanilga including other injuries;

72. Palintiff has incurred physical and mental pain and suffering by reason of his physical injuries and will continue to endure physical and mental pain and suffering as a result of his injuries by both doctors John Lubahn, M.D. and Patrick Smith, M.D.

73. Plaintiff has incurred loss of income and will continue to incur loss of income because of his injuries; and Plaintiff has incurred loss of function of the mind and body parts and will continue to incur loss of function of the mine and body parts in the future.

## CONSPIRACY/RETALIATION

74. Plaintiff asserts that defendant John Lubahn, M.D. conspired with defendant Patrick Smith, M.D. for the purpose of retaliating against him when they conspired to unlawfully perform the wrong surgical medical procedures, on plaintiff's penis, lower back, neck, bladder, kidney, and leaving him with nerve problems.

75. Defendant John Lubahn, M.D. claimes that he have done tests on the plaintiff that proves he raped a child.

76. Defendant John Lubahn, M.D. claimes that he have medical records that proves the plaintiff raped a child.

77. Plaintiff asserts that he was confronted by Defendant John Lubahn, M.D. regarding the allegations set forth in **Paragraph 24-33,** of this complaint are incorporated here as fully set forth.

## STRICT LIABILITY

78. The allegations set forth in Paragraphs 24-33, of this complaint are realleged and incorporated here as if set forth.

79. Defendants John Lubahn, M.D. and Patrick Smith, M.D. both doctors conspired with each other out of retaliation by way of performing the wrong medical procedures on plaintiff for revenge, of why they believed that plaintiff            .

80. At the time Defendant John Lubahn, M.D. On November 03,2010, while undergoing the right hand surgery under his care and other employees of the Hamot Medical Hospital plaintiff suffered from the wrong surgical procedure, that was performed by the Defenbdant John Lubahn, M.D. without his consent.

81. On November 03,2010, Defendant John Lubahn, M.D. gave no notice or warning that he were going to cut the underside of the bridge on bone in front of plaintiff's penis and the lower underside of the penis and surgically removed the bone from his penise without his consent.

82. the wrong surgical procedure caused plaintiff's penise to now have two holes in it and his penis is left impotent, no ejaculation, incapable of sexual intercourse, he failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances.

83. Defendant John Lubahn, M.D. committed negligence and malpractice when he used a cystoscope to perform a biopsy of the plaintiff's bladder by taken tissue and cell sampling as well as a            biopsy in which the samples of the           and bladder tissues were removed and examined under a microscope, which were primarily used to help Defendant John Lubahn, M.D. in his diagnose to determine the results of his tests and medical records of plaintiff being related to Lloyd Ollie.

84. When he used the cystoscope it contained a small clipping device on the tip, that allowed the doctor to obtain a biopsy tissue and cell sample of plaintiff's bladder lining and his            leaving both argones damaged without his consent.

85. As a result of Defendant's negligence and malpractice plaintiff has incurred severe bobily injuries;
a. Plaintiff has been forced to incur doctor, hospital, medicine, and other medical expenses for the treatment of plaintiff's injuries;
b. Plaintiff will in the future be required to incur additional doctor, hospital, medicine, and other medical expenses for the treatment of his injuries;
c. Plaintiff has incurred physical and mental pain suffering by reason of his physical injuries and will continue to endure physical and mental pain and suffering as a result of his injuries;
d. Plaintiff has incurred loss of income and will continue to incur loss of income by reason of his injuries; and
e. Plaintiff has incurred loss of function of the mind and body and will continue to incur loss of function of the mind and body in the futuer.

86. The allegations set forth in Paragraphs 31-41, of this complaint are realleged and incorporated here as if fully set forth and incor-

87. Plaintiff was spooken to by Patrick Smith, M.D. who told him that Defendant John Lubahn, M.D. said, he had medical records and tests that proved you raped a child.

88. On November 11, 2010, plaintiff consulted Defendant Patrick Smith, M.D. as his physician and orthopaedic, at the UPMC Hospital and said, one of my family members Lloyd Ollie, was the one who was charged and convicted for that crime.

89. On November 11, 2010, while undergoing the cervical spinal surgery Defendant Patrick Smith, M.D. failed to properly join fusion hardward at L-4-L-7, which reveals a unstabled graft that cause him pain, numbness and tingling in his neck.

90. The professional negligence, and malpractice of Defendant's Patrick Smith's, lack of exspertises, have left plaintiff with serious and permanent cervical spinal damage, severe damage to L-4-L-7, and have caused nerve problems; a critical impaitment of motor function;

91. plaintiff has been and will continue to be totally impeded in the enjoyment of notmal pursuits and activities, and has suffered and will continue to suffer great mental anguish, all of which have and will necessitate continue professional care and treatment.

92. The negligence and malpractice of Defendant Patrick Smith, M.D. who performed the wrong medical surgical operation on plaintiff's by cutting his lower back and caused a 2 inch scar to appear and damage to his lower spine;

93. Defendant Patrick Smith caused damage to plaintiff's kindey and chronic hyperglycemia without warning or notice;

94. the negligence of Defendant Patrick Smith, M.D. caused plaintiff to suffer from neuralgia and neuritis of cervical spine; lower back; both hips; numbness and tingling in both right and left leg; including right and left feet; left shoulder; buttock; and he suffer now from fibromanilga due to cervical surgery caused by Defendant Patrick Smith, M.D;

95. Plaintiff suffer abdomen pain; intestine pain; high blood pressure; and have now become a diabetic due to cervical spinal injury surgery;

96. As a direct and proximate result of the Defendant Patrick Smith, M.D's., negligence and malpractice of surgery on the wrong part of the plaintiff's body, was injuried and has been damaged in the following particulars:

a. Plaintiff has incurred severe dodily injuries;

b. Plaintiff has been forced to incur doctor, hospital, medicine,and other medical expenses for the treatment of his injuries;

c. Plaintiff will in the futur be required to incur additional doctor, hospital, medicine, and other medical expenses for the treatment of his injuries;

d. Plaintiff has incurred physical and mental pain and suffering by reason of his physical injuries and will continue to endure physical and mental pain and suffering as a result of his injuries;

e. Plaintiff has incurred loss of income and will continue to incur loss of income by reason of his injuries; and

f. Plaintiff has incurred loss of function of the mind and boby and will continue to incur loss of function of the mind and body in the future.

## LOSS OF CONSORTIUM

97. The allegations set forth in Paragraph 16-25 and 32-48, of the complaint are realleged and incorporated here as if fully set forth.

98. At all times material, plaintiff wife Dolly Ollie was the lawful spouse of plaintiff who he no longer have a relationship with.

99. As a direct and proximate result of the negligence and medical malpractice of the Defendants, plaintiff has lost a portion of the love, affection, services, society, and the uses of his manhood, and companionship, including the loss of consortium of plaintiff spouse.

## JURY DEMAND

100. The Plaintiff demand trial by jury.

## PRAYER

Plaintiff demand judgment against the Defendants:

A. In the amount of $100 Million,

B. An award of costs incurred,

C. An award of reasonable attorney's fees, and

D. Any other and further relief that this Court may consider just and proper under the circumstances.

Respectfully submitted,

Joseph L. Ollie, #33453-068
Federal Correctional Institution
Elkton, P.O. Box 10
Lisbon, Ohio, 44432

~~April 27, 2017~~
May 10, 2017